{¶ 43} Being unable to agree fully with the majority, I respectfully dissent in part. Unlike the majority, I would sustain defendant's assignment of error that asserts the trial court erred in failing to conduct a hearing on the advice defense counsel gave defendant regarding the nature and purpose of the mitigation phase of his trial.
 {¶ 44} Unlike the majority of cases we review on post conviction relief appeals, defendant's case involves the death penalty. In my opinion, the nature of the penalty warrants a slightly more expansive approach to when a hearing should be held in post-conviction relief than is usually applied the non-capital case. Cf. R.C. 2953.21(I) (providing for appointed counsel in death penalty post conviction petitions, even though appointed counsel is not available in non-capital post conviction cases). Accordingly, doubt should be resolved in favor of a hearing on a death-penalty post conviction application.
 {¶ 45} Here, defendant has presented enough to warrant a hearing on whether defense counsel were ineffective in the penalty phase of the trial. Specifically, defendant's affidavit states that defense counsel failed to inform him of the purpose and, indeed, the opportunity that the penalty phase presented to him. Nothing in the record from defense counsel directly disputes that claim, and even if the record contained such evidence, the disputed evidence would warrant a hearing.
 {¶ 46} Moreover, Donald Schumacher, in ¶ 24 of his affidavit, points out the necessity of a defendant making an informed decision about waiving the opportunity to present mitigating evidence. If defendant's assertions regarding the errors of counsel in advising defendant about the purpose of presenting mitigating evidence prove true, that evidence also would support defendant's having made an uninformed decision to waive his right to present mitigating evidence.
 {¶ 47} In addition, Mr. Crates' affidavit contains a wealth of information about defendant's childhood. Although some of the information was conveyed in defendant's unsworn statement, not all of the available information was presented to the jury. Even had it been, the impact of the information coming from the sworn testimony of defendant's family is quite different than a statement of defendant, who interspersed the minimal amount of information presented through his statement with denials of "begging for his life."
 {¶ 48} Lastly, because I would remand this matter to the trial court for a hearing, I also would have the trial court examine defendant's contentions he possessed a letter from Shannon Boyd that admitted defendant's lesser role in the crimes for which defendant was tried. Although defendant's affidavit lacks specificity about the letter and whether defendant actually gave it to his defense counsel, defendant has raised enough of an issue to warrant the trial court's determining at the hearing whether it has merit.
 {¶ 49} For those reasons, I dissent in part.